IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAJIDA MADI<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:23-cv-01142 |
| | § | |
| LIBERTY MUTUAL PERSONAL<br>INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Liberty Mutual Personal Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Majida Madi v. Liberty Mutual Personal Insurance Company*; Cause No. D-1-GN-23-004687; In the 419th Judicial District of Travis County, Texas.

## I.
## BACKGROUND

1. Plaintiff Majida Madi (hereinafter "Plaintiff") initiated the present action by filing her Original Petition in Cause No. D-1-GN-23-004687; In the 419th Judicial District of Travis County, Texas on August 25, 2023 (the "State Court Action"). *See* Plaintiff's Original Petition with Citation, attached as Exhibit A.

2. Defendant appeared and answered on September 22, 2023, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as Exhibit B.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through her attorney of record, and to the clerk of the 419th Judicial District Court of Travis County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.**   **Diversity of Parties**

7. After a diligent review of publicly available information, Plaintiff is an individual domiciled in the State of Texas. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Defendant Liberty Mutual Personal Insurance Company is a corporation organized under the laws of New Hampshire and maintains its principal place of business in Massachusetts. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the States of New Hampshire and Massachusetts.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.     Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

11.     Here, Plaintiff's Original Petition seeks "only monetary relief of $250,000 or less excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." **Exhibit A**, Plaintiff's Original Petition with Citation, at § VII – Damages. However, Plaintiff sent a pre-suit demand letter in which it claimed at least $51,414.89 for actual cash value damages for dwelling damages and $8,058.95 in replacement cost value for other structures damages for a total repair cost estimate of at least $59,473.84. **Exhibit D**, Plaintiff's April 5, 2023 demand letter at p. 8. In addition, Plaintiff's Original Petition alleges that "[e]ach of the acts described above, together and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein." **Exhibit A,** Plaintiff's Original Petition with Citation, at § VI – Knowledge. An insured seeking damages for knowing conduct under the Texas Insurance Code is entitled to recovery of three times actual damages. *See* Tex. Ins. Code § 541.152(b). The trebling of Plaintiff's alleged actual damages is sufficient to establish the amount in controversy requirement for diversity

3

jurisdiction. *See Martinez v. Allstate Tex. Lloyd's*, No EP-16-CV-337-DCG, 2016 U.S. Dist. LEXIS 162408, at *16 -*17 (W.D. Tex. Nov, 22, 2016) (denying Plaintiff's motion to remand when the trebling of Plaintiff's actual damages exceeded $75,000); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920 at *7 - *8 (S.D. Tex. Feb. 18, 2016) (same); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 U.S. Dist. LEXIS 59599, at *14-*15 (S.D. Tex. June 16, 2010) (same).

12. In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Plaintiff further seeks compensation for actual damages, an interest penalty under Chapter 542 of the Texas Insurance Code, attorneys' fees, and punitive damages. **Exhibit A**, Plaintiff's Original Petition, at § VII – Damages. Therefore, the allegations in Plaintiff's pre-suit demand letter coupled with the types of damages she seeks in her Original Petition make clear that the threshold for diversity jurisdiction, $75,000, is established.

13. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendant Liberty Mutual Personal Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 22nd day of September, 2023 to:

Benjamin R. Crowell II                              *#9414 7266 9904 2178 2263 79*
Brennan M. Kucera
Crowell & Kucera, PLLC
2028 E. Ben White Blvd., Ste. 240-2015
Austin, Texas 78741
ben@ck-firm.com
brennan@ck-firm.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp